GUSTAVE BIART ET AL. V. W. H. MYERS ET AL.

FILED MARCH 7, 1900.    No. 11,154.

| 59 | 711 |
|----|-----|
| 61 | 17 |

1. **Motion for New Trial:** DISMISSAL OF PETITION IN ERROR. The lack of a motion for a new trial will not justify a dismissal of a petition in error.

2. ——: REVIEW. A motion for a new trial is not esssential to a review of a decision of the district court affirming a cause taken to that court by proceedings in error.

3. **Cross-Assignment:** NEW PARTIES. When a defendant in error has filed a cross-assignment of errors without bringing in new parties, he is thereby precluded from urging the dismissal of the petition in error of his adversary on the ground of defective parties.

ERROR from the district court of Sarpy county. Tried below before KEYSOR, J. *Motion to dismiss overruled.*

*William R. Patrick*, for plaintiff in error.

*Will H. Thompson*, for defendant in error, argued in support of motion to dismiss that no motion for a new trial was filed in the district court, and the only errors

complained of are the errors claimed to have occurred
during the trial, and on the rendition of the judgment.
No bill of exceptions had ever been settled by the plain-
tiff in error, so that no question could arise upon a dis-
puted statement of fact. This proceeding must be dis-
missed. The case comes clearly within the rule laid
down in *Leach v. Renwald*, 45 Nebr., 207. It is well settled
that to obtain a review of a joint judgment by petition
in error all persons, shown by the record to be substan-
tially interested, must be made parties to the proceeding,
as plaintiffs or defendants, citing *Wolf v. Murphy*, 21
Nebr., 472; *Hendrickson v. Sullivan*, 28 Nebr., 790; *Andres
v. Kridler*, 42 Nebr., 784; *Polk v. Covell*, 43 Nebr., 884;
*Kuhl v. Pierce County*, 44 Nebr., 584; *Collins Mfg. Co. v.
Seeds Dry-Plate Co.*, 55 Nebr., 576; *Bates-Smith Investment
Co. v. Scott*, 56 Nebr., 475.

NORVAL, C. J.

Petitions were presented to the county superintendent
of Sarpy county praying the formation of a new school
district, and remonstrances were filed with him protest-
ing against such proposed action. On the hearing, the
county superintendent formed a new school district,
known as district No. 40. A transcript of the proceedings
before that officer, and a petition in error, were filed in
the district court. The title of the cause in that court,
as well as the petition in error, was "Gustave Biart v.
W. H. Myers" et al. The parties were likewise so de-
scribed in the summons in error issued out of that court.
Neither in the pleadings nor on the journal were the par-
ties designated with any other or further particularity.
Objections to the jurisdiction of the court were filed by
the defendants in error, W. H. Myers and Adam Kas, re-
spectively, which were overruled, and the order and pro-
ceedings of the county superintendent were affirmed.
Error proceeding was prosecuted to this court, the cause
being entitled in the petition in error precisely as in the
court below, and the parties were not otherwise desig-

nated in the petition in error. Subsequently, Adam Kas filed a cross-petition in error herein, but did not bring in new parties to the proceedings; afterwards he filed a motion to dismiss the petition in error on substantially the grounds that no motion for a new trial was filed in the court below, and that there is a defect of parties plaintiff and defendant. On this motion a submission has been taken.

The failure to file a motion for a new trial constitutes no cause for dismissing a petition in error. See *Leighton v. Stuart*, 8 Nebr., 96. Moverover, such a motion is unnecessary to a review of the judgment of the district court made in an error proceeding. See *Dreyfus v. Moline, Milburn & Stoddard Co.*, 43 Nebr., 233; *Weitz v. Walter A. Wood Reaping & Mowing Machine Co.*, 49 Nebr., 434; *Claflin v. American Nat. Bank*, 46 Nebr., 884.

Adam Kas is precluded from asserting that there is a defect of parties plaintiff or defendant, inasmuch as he has filed a cross-petition in error, without bringing in new parties to the proceeding. Moreover, there is no defect of parties. The judgment of the district court alone is assailed, or is before us for review, and all the parties to such judgment are made either plaintiffs or defendants in error. Whether there was a defect of parties in the district court, is a question which does not concern us at this time. The motion to dismiss is overruled.

MOTION DENIED.